IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH R. RIVERA AND | § | PLAINTIFFS |
| JENNIFER C. RIVERA | § | |
| | § | |
| v. | § | CIVIL NO. 1:12cv404-HSO-RHW |
| | § | |
| ADAMS HOMES, LLC, AN A | § | DEFENDANTS |
| ALABAMA LIMITED LIABILITY | § | |
| CORPORATION; KELLER SMITH | § | |
| SUPPLY, INC., A MISSISSIPPI | § | |
| CORPORATION; and JOHN | § | |
| DOES 1-10 | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

BEFORE THE COURT are the Motions for Summary Judgment filed by

Defendant Keller Smith Supply, Inc. [122], and Defendant Adams Homes, LLC

[124], on January 10, 2014.  Plaintiffs filed their Responses in Opposition [133]

[134] to each respective Motion on February 14, 2010, and Defendants each filed a

Rebuttal [138] [139] on February 28, 2014.  Having considered the parties'

submissions, the record, and relevant legal authorities, the Court is of the opinion

that Defendants are entitled to judgment as a matter of law as to each of Plaintiffs'

claims asserted against them.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs owned a home which was constructed in 2009 by Defendant Adams

Homes, LLC.  Building Inspection Doc. [124-1].  Adams Homes hired Defendant

Keller Smith Supply, Inc., to install windows throughout the home.  Dep. of

Kenneth Rivera 157:3-9 [133-6].  Plaintiff Kenneth Rivera alleges that on January

1

3, 2010, he intended to clean the outside of the window and sash located above a gas burning fireplace.  *Id*. at 158:1-25 [132-6].  The location of the window required Mr. Rivera to use a ladder to climb atop a ledge above the fireplace so that he could reach the window to remove the sash.  *Id*. at 88:2-6, 107:6-22 [122-2].  The window was at least six feet above the ledge upon which Mr. Rivera was standing.  *See id*. at 106:8-19.  Mr. Rivera alleges that as he attempted to remove the sash from the window frame, he opened the sash, lifted it above his head, and attempted to pull the window out.  *Id*. at 108:7-109:2 [122-2].  As he was doing so, Mr. Rivera claims that the sash simply fell on his head, causing him to fall from the ledge down to the floor approximately ten feet below.  *Id*. at 109:3-8, 113:19-114:1 [122-2].  Mr. Rivera alleges he sustained injuries as a result of the fall.  Compl. 9-10 [1-2].

Mr. Rivera contacted Adams Homes to report the incident and request a replacement sash.  Dep. of Kenneth Rivera 155:3-22 [133-6].  On January 12, 2010, Ricky Manning, an employee of Keller Smith, came to Plaintiffs' home to install a replacement sash.  Dep. of Ricky Manning 75:16-20 [122-7].  Mr. Manning had previously installed the original window and sash which Mr. Rivera claims caused his fall.  *Id*. at 72:24-73:17 [122-7].  Mr. Rivera was present and observed Mr. Manning as he replaced the sash.  Dep. of Kenneth Rivera 155:12-19 [133-6].  According to Mr. Rivera, Mr. Manning appeared to have trouble getting the replacement sash in place, had to use a hammer, and needed to borrow a screwdriver.  *Id*. at 155:20-156:5 [133-6].  Mr. Manning was able to get the

replacement sash installed.  As he departed Plaintiffs' home, Mr. Manning left with the sash which had fallen.  *Id.* at 154:19-23, 158:1-3 [133-6].[1]

On November 13, 2012, Plaintiffs filed this lawsuit against Defendants seeking damages for the injuries Mr. Rivera claims he suffered as a result of the incident.  Compl. 1 [1-2].  Plaintiffs assert that the original window and sash were negligently installed, which caused the sash to fall from the window and onto Mr. Rivera's head.  *Id.* at 2-3.  The Complaint advances claims for negligent installation, negligence per se, negligent inspection, negligent failure to warn, strict liability, breach of express and implied warranties, and *res ipsa loquitor*.  *Id.* at 3-9.

Keller Smith argues that Plaintiffs' *res ipsa loquitor* claim fails because the window was under Plaintiffs' exclusive control prior to the incident.  Mem. Br. in Supp. of Mot. for Summ. J. 3 [123].  Keller Smith contends that Plaintiffs have not identified any statute or ordinance which Keller Smith has violated to support Plaintiffs' negligence per se claim, and that Plaintiffs have not established any evidence supporting the negligent installation claim.  *Id.* at 4-6.  Keller Smith posits that it cannot be held strictly liable because it took no part in the design, manufacture, or packaging of the sash at issue, and that Plaintiffs have not offered any evidence to support their breach of express and implied warranty claims.  *Id.*

In addition to arguing that it is entitled to judgment as a matter of law as to the negligence-based claims for the same reasons advanced by Keller Smith, Adams

---

[1] Mr. Manning brought the sash which had fallen to Keller Smith's warehouse, where pictures were taken of the sash and it was stored.  Order Denying Motion for Spoliation of Evidence and Adverse Inference 2 [155].  When Keller Smith received an April 21, 2010, letter of representation from Plaintiffs' counsel, Keller Smith employees attempted but were unable to locate the sash.  *Id.*

Homes further maintains that it is entitled to summary judgment as to the strict liability claim because the windows are not considered a "product" under Mississippi law.  Mem. Br. in Supp. of Mot. for Summ. J. 2-6 [125].  Adams Homes contends that Plaintiffs' breach of express warranty claim fails because Plaintiffs have not provided evidence of any express warranty or of a defect in either the window or workmanship related to the window.  Reply in Supp. Mot. for Summ. J. 7-9 [138].  Adams Homes also reasons that the implied warranties upon which Plaintiffs rely are not applicable to the sale of a home.  *Id*. at 9-10.

Plaintiffs oppose Defendants' Motions contending that questions of fact exist as to the cause of Mr. Rivera's fall.  Mem. in Opp'n to Mot. for Summ. J. 11-13 [133], 10-13 [134].  Plaintiffs argue there is sufficient circumstantial evidence to support their negligence-based claims.  *Id*. at 13-19 [133], 13-19 [134].  Plaintiffs insist that Defendants have breached the implied warranties of workmanship, fitness for a particular purpose, and merchantability.  *Id*. at 21-22 [133], 22 [134].  According to Plaintiffs, Adams Homes is not a licensed homebuilder in the State of Mississippi and thus was negligent per se.  In addition, Adams Homes breached an express warranty that it provided in a halt-change order.  *Id*. at 20-22 [133].  Plaintiffs further maintain that Keller Smith is strictly liable because it sold a defective window and sash.  *Id*. at 20-23 [134].

## II. DISCUSSION

A.   Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law[, and an] issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at

248).  "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment."  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  "The court has no duty to search the record for material fact issues."  *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id*.

The Court's jurisdiction in this case is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  In a diversity action, a federal court applies state substantive law.  *Krieser v. Hobbs,* 166 F.3d 736, 739 (5th Cir. 1999).  The parties agree that Mississippi substantive law governs here.

B.   Analysis

1.   Plaintiffs' *Res Ipsa Loquitur* Claim Against Defendants

Under Mississippi law, three elements must be satisfied before the doctrine of *res ipsa loquitur* applies:

(1) the instrumentality causing the damage was under the exclusive control of the defendant,
(2) the occurrence was such that in the ordinary course of things it would not have happened if those in control of the instrumentality used proper care, and
(3) the occurrence was not due to any voluntary act on the part of the plaintiff.

*Huynh v. Phillips*, 95 So. 3d 1259, 1262 (Miss. 2012) (quoting *Coleman v. Rice*, 706 So. 2d 696, 698 (Miss. 1997)).  There is no evidence in the record indicating or otherwise suggesting that the window sash was under "the exclusive control" of

6

either Keller Smith or Adams Homes, immediately prior to, or at the time that, Mr.

Rivera alleges the window sash fell on him.  As a result, Defendants are entitled to

summary judgment on Plaintiffs' negligence claim to the extent it is predicated on

the doctrine of *res ipsa loquitur*.  *See, e.g.*, *Johnson v. Davidson Ladders, Inc.*, 403 F.

Supp. 2d 544, 551 (N.D. Miss. 2005), *aff'd sub nom.*, 193 F. App'x 349 (5th Cir. 2006)

(concluding *res ipsa loquitur* was inapplicable because the plaintiffs could not

establish that the stepladder at issue was under the management and control of the

defendant ladder manufacturer at the time of the accident); *Patterson v. T. L.

Wallace Const., Inc.*, 133 So. 3d 325, 331 (Miss. 2013) (concluding *res ipsa loquitur*

did not apply to render contractor negligent where the debris which caused the

plaintiff's accident and injuries was located in a street near the contractor's

worksite because the street was "a public road . . . [and] not under [the contractor's]

exclusive control").

> 2.  <u>Plaintiffs' Strict Liability Claim Against Defendants</u>

Section 11-1-63 of the Mississippi Code sets forth the elements Plaintiffs

must establish to survive Defendants' summary judgment challenge as to the strict

liability claim.  Plaintiffs must establish that when the window left Keller Smith's

control, genuine issues of material fact exist regarding whether the window was

> (1) "designed in a defective manner;" (2) which rendered [the window]
> "unreasonably dangerous" to [Plaintiffs]; (3) that the "defective and
> unreasonably dangerous condition . . . proximately caused" [Plaintiffs']
> damages; (4) that the damages were not caused by an "inherent
> characteristic" of the . . . window which "cannot be eliminated without
> substantially compromising the [window's] usefulness or desirability"
> and which an "ordinary person" would recognize; (5) that [Keller Smith
> or Adams Homes] knew or should have known of the "danger that

> caused the damage;" and (6) that "there existed a feasible design
> alternative that would have to a reasonable probability prevented the
> harm" without also "impairing the utility, usefulness, practicality or
> desirability of" the window.

*McKee v. Bowers Window & Door Co., Inc.*, 64 So. 3d 926, 938 (Miss. 2011) (quoting

Miss. Code § 11–1–63(a), (b), & (f)).

The Court is of the opinion that the Mississippi Supreme Court's decision in

*McKee* controls here.  In *McKee*, the plaintiffs asserted a claim for strict liability

under the Mississippi Products Liability Act, Miss. Code § 11-1-63, against a

company which sold them wooden windows that were installed in their home.  64

So. 3d at 931.  The plaintiffs alleged the wooden windows were defective and as a

result, began to rot and had to be replaced.  *Id*.  The Mississippi Supreme Court

affirmed summary judgment in favor of the seller of the windows because the

plaintiffs failed to offer any evidence that the seller "exercised substantial control

over . . . the design, testing, manufacture, packaging or labeling of the product that

caused the harm[,] . . . altered or modified the product," or "had actual or

constructive knowledge of the defective condition of the product at the time [it]

supplied the product . . . ."  *Id*. at 939 (quoting Miss. Code § 11-1-63(h)).

There is no evidence in the record demonstrating that either Keller Smith or

Adams Homes "exercised substantial control over . . . the design, testing,

manufacture, packaging or labeling" of the window at issue in this case.  There is

also insufficient evidence to create a triable fact question that either Keller Smith

or Adams Homes "altered or modified" the window before installing it at Plaintiffs'

home.  Nor have Plaintiffs shown that either Keller Smith or Adams Homes "had

actual or constructive knowledge [any] defective condition of" the window at the time the window was sold and installed by Keller Smith.  At bottom, Plaintiffs' claim is that negligent installation of the window proximately caused their damages.  Such a claim does not fall within the scope of the Mississippi Products Liability Act under the particular facts of this case.  Defendants are entitled to judgment as a matter of law on Plaintiffs' claim for strict liability.

> 3.   Plaintiffs' Negligence Per Se Claim Against Defendants

"Negligence per se renders a defendant liable without proof of reasonable care when the plaintiff proves the defendant violated an applicable statute." *Dooley v. Byrd*, 64 So. 3d 951, 960 (Miss. 2011) (quoting *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 796 (Miss. 1995)).  In order to establish a negligence per se claim, Plaintiffs here "must prove . . . (1) that [they] belong[] to the class of people the statute intends to protect, (2) that [they] suffered the type injuries the statute was designed to avoid, and (3) that [Defendants'] violation of the statute proximately caused [Plaintiffs'] injuries." *Id*.  The Complaint predicates Plaintiffs' negligence per se claim solely on the theory that Defendants "fail[ed] to utilize and adhere to current applicable building and safety codes and/or materials in constructing the residence so as to prevent injuries to purchasers, such as Plaintiffs . . . ."  Compl. 4 [1-2].  Plaintiffs have not cited any specific building codes nor have they identified or provided any evidence of the violation of any applicable building or safety codes intended to protect Plaintiffs.

Plaintiffs have not responded to Keller Smith's Motion for Summary Judgment as to the negligence per se claim.  Plaintiffs have therefore abandoned their negligence per se claim as against Keller Smith.  *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[F]ailure to pursue this claim beyond her complaint constituted abandonment."); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").

In response to Adams Homes' Motion for Summary Judgment, Plaintiffs ground their negligence per se claim for the first time on the theory that Adams Homes was "not licensed to build Plaintiffs' residence."  Pls.' Mem. in Opp'n to Mot. for Summ. J. 22 [133].  According to the Fifth Circuit Court of Appeals, "district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment."  *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012).   In their Complaint, Plaintiffs did not base their negligence per se claim on the theory that Adams Homes was not a licensed homebuilder in the State of Mississippi, and the Court will not entertain a new theory of liability raised for the first time in opposition to Adams Homes' Motion for Summary Judgment.  Based on the foregoing, Defendants are entitled to judgment as a matter of law on Plaintiffs' negligence per se claim.

4.  Plaintiffs' Negligent Installation Claim Against Defendants

To successfully assert a negligence claim under Mississippi law, Plaintiffs "must prove by a preponderance of the evidence: duty, breach of duty, proximate cause and damages." *Foster by Foster v. Bass*, 575 So. 2d 967, 972 (Miss. 1990) (citations omitted). "Where 'the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. . . .'" *Dykes v. Husqvarna Outdoor Products, N.A., Inc.*, 869 F. Supp. 2d 749, 753 (S.D. Miss. 2012) (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992)). The Mississippi Supreme Court has "held that proof of injury alone is insufficient, and that more is needed to satisfy the burden" of overcoming a summary judgment motion. *Forbes v. Gen. Motors Corp.*, 935 So. 2d 869, 880 (Miss. 2006) (citing *Creel v. Gen. Motors Corp.*, 233 So. 2d 105, 109 (Miss. 1970)).

Under Mississippi law, negligence may be proved by circumstantial evidence so long as the circumstantial evidence relates to each of the necessary elements of negligence. *Gray v. BellSouth Telecomm., Inc.*, 11 So. 3d 1269, 1273 (Miss. Ct. App. 2009) (quoting *Dees v. Campbell*, 183 So. 2d 624, 626 (Miss. 1966)). To rely on circumstantial evidence, "it must be sufficient to make plaintiff's asserted theory reasonably probable, not merely possible, and more probable than any other theory based on such evidence, and it is generally for the trier of fact to say whether circumstantial evidence meets this test." *Dorsey v. Simon Prop. Grp., L.P.*, 378 F. App'x 476, 478-79 (5th Cir. 2010). "[S]peculation and conjecture are not

circumstantial evidence." *Brown v. Nat'l R.R. Passenger Corp.*, No. 3:08cv559-KS-MTP, 2011 WL 1130545, at *9 (S.D. Miss. Mar. 28, 2011), *aff'd sub nom.*, *Brown v. Illinois Cent. R. Co.*, 705 F.3d 531 (5th Cir. 2013).

In support of their negligent installation claim, Plaintiffs have only offered evidence consisting of the fact that the window sash fell upon Mr. Rivera and Plaintiffs' observations and complaints regarding Mr. Manning's installation of the replacement window.[2]  Plaintiffs did not observe and do not offer any direct evidence pertaining to the installation of the original window or window sash.  This circumstantial evidence is insufficient to create a triable question of material fact upon which a reasonable jury could find for Plaintiffs on a theory of negligent installation.

Cases applying Mississippi law routinely emphasize the need to establish evidence that a defendant's alleged negligence was the cause of a plaintiff's alleged injuries.  For example, in a case stemming from the death of a homeless man after he was run over by the defendant-trucker, the Fifth Circuit Court of Appeals affirmed summary judgment in favor of the trucker where the plaintiff failed to establish by circumstantial evidence that the trucker breached a duty owed to the homeless man where the only competent evidence revealed the homeless man stepped directly into the path of the truck's wheels as they began to move from a stationary position.  *Chan v. Coggins*, 294 F. App'x 934, 938-940 (5th Cir. 2008).

---

[2] In response to Defendants' Motions, Plaintiffs did submit the report and testimony of their designated expert, Robert A. Hall, but the Court excluded Mr. Hall's testimony after conducting a hearing on and granting Defendants' Joint Motion to Strike and/or Limit Testimony of Plaintiffs' Expert Robert A. Hall [119].

Similarly, in a case arising from a plaintiff's fall on an escalator, the court granted the defendant-escalator maintenance company's motion for summary judgment where there was a lack of competent evidence regarding the cause of the plaintiff's fall and, even assuming the fall was caused by a mechanical problem with the escalator, there was no evidence that the mechanical problem was attributable to the defendant's negligence. *Dorsey v. Simon Prop. Grp., L.P.*, No. 3:08cv398-DPJ-JCS, 2009 WL 1976526, at *2-4 (S.D. Miss. July 7, 2009), *aff'd*, 378 F. App'x 476 (5th Cir. 2010).

Although Plaintiffs complain about the installation of the replacement window, there is no evidence that the replacement window actually fell when it was tilted as the original window is alleged to have fallen when tilted. Although Mike Taylor, one of Keller Smith's purported expert witnesses, testified that the positioning of the pivot bars in the replacement window could make it possible for the replacement sash to "come away" from the window frame, this evidence establishes, at most, the mere possibility that Keller Smith's installation of the replacement window and sash was negligent. Dep. of Mike Taylor 23:12-23 [132-18]. Mr. Taylor's testimony itself concerned the replacement window, which was a different model than the original window. *Id.* at 19:20-24. There is no competent testimony indicating that the two models of the window were composed of the same materials and parts. There is no competent testimony establishing that the model of the replacement window is sufficiently similar to the model of the original

window as to make examination or testing of the replacement model sufficient by itself to draw reliable conclusions about the original model.

In addition, Mr. Manning, the Keller Smith technician who installed the original and replacement windows, provided unrebutted testimony that once he completed installation of the original window, he manually confirmed that the original window operated properly by lifting the window up and down.  Dep. of Ricky Manning 72:24-73:17 [122-7].  According to Mr. Manning, had there been a problem with the original window related to the pivot bars, which Plaintiffs now hypothesize were incorrectly positioned, the original window would have simply fallen down when lifted up and released.  *Id.* at 73:4-12 [122-7].

In sum, there is an absence of either direct or circumstantial evidence sufficient to show that Keller Smith breached a duty owed to Plaintiffs or that any breach by Keller Smith was the proximate cause of Plaintiffs' alleged damages. Defendants are entitled to summary judgment as to the negligent installation claim because Plaintiffs have not come forward with circumstantial evidence sufficient to carry their summary judgment burden.  *See Molzberger v. HWCC-Tunica, Inc.*, No. 2:02cv317-JAD, 2005 WL 1660451, at *3 (N.D. Miss. July 8, 2005) (granting summary judgment in favor of casino on negligence claim stemming from plaintiff's slip and fall in a bathroom where plaintiff had no evidence of what the substance was that had puddled, how long it was present, or whether the casino had actual or constructive notice, and there was no evidence that the casino's destruction of maintenance logs was in bad faith so as to justify an adverse inference).

14

5.      Plaintiffs' Negligent Failure to Warn Claim Against Defendants

To the extent that Plaintiffs assert a separate claim for negligent failure to warn, findings related to a claim "brought under the MPLA can be dispositive as to . . . product-based negligence claims such as negligent failure to warn . . . ." *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 846 (S.D. Miss. 2010).  In a case involving negligence and strict liability claims stemming from exposure to asbestos, the Mississippi Court of Appeals has held that there must be a showing that the defendant "knew or should have known in the exercise of ordinary care of the risk or hazard about which he failed to warn."  *O'Flynn v. Owens-Corning Fiberglas*, 759 So. 2d 526, 535 (Miss. Ct. App. 2000).  Consistent with the Court's conclusion regarding Plaintiffs' claim for strict liability, Plaintiffs have not shown that either Defendant had actual or constructive knowledge of any defective condition of the window at the time Keller Smith sold and installed the window.  Accordingly, any negligent failure to warn claim asserted by Plaintiffs cannot withstand summary judgment.

6.      Plaintiffs' Negligent Inspection Claim against Adams Homes

Plaintiffs raise a negligent inspection claim against Adams Homes.  Negligence under Mississippi law requires proof of a duty, breach, causation, and damages.  *Fisher v. Deer*, 942 So. 2d 217, 219 (Miss. Ct. App. 2006).  In *Gardner v. Parkman Logging, Inc.*, the plaintiff asserted a negligent inspection claim against a logging company after the plaintiff's car was damaged by a tire recap that had detached from the tire of one of the defendant's logging trucks.  No. 2:08cv222-KS-

MTP, 2009 WL 2591617, at *3 (S.D. Miss. Aug. 20, 2009).  The logging company claimed it was entitled to summary judgment.  *Id*.  The court agreed, pointing out that the plaintiff had not produced "any evidence that [the defendant] breached a duty to properly inspect . . . [the] tires."  *Id*.  The court further reasoned that "[e]ven assuming that [d]efendants were somehow negligent in inspecting . . . the tire, . . . [p]laintiff has not provided any evidence that [d]efendants' negligence proximately caused the recap to separate from the tire resulting in harm to [p]laintiff."  *Id*.

Plaintiffs have similarly not provided any competent evidence indicating that the original window and sash were negligently installed.  Plaintiffs thus have not established that Adams Homes was negligent in any inspection of the window, or that any allegedly negligent inspection of the original window and sash proximately caused the injuries Mr. Rivera claims.  Accordingly, Adams Homes is entitled to summary judgment as to Plaintiffs' negligent inspection claim.

7.   Plaintiffs' Claim for Breach of Express Warranty against Keller Smith

The Complaint alleges Keller Smith is liable for breach of an express warranty that the window was "in good, safe condition, not defective, and safe for its intended purpose."  Compl. 7 [1-2].  The Court concludes that Plaintiffs have abandoned this claim as to Keller Smith.  Keller Smith moved for summary judgment as to any breach of express warranty asserted against it, and Plaintiff did not respond to Keller Smith's argument.  *See Black*, 461 F.3d at 588 n.1 ("[F]ailure to pursue this claim beyond her complaint constituted abandonment."); *Cinel*, 15 F.3d at 1345 ("A party who inadequately briefs an issue is considered to have

abandoned the claim."). Moreover, given the Court's resolution of Plaintiffs' other claims against Keller Smith, even if Plaintiffs had not abandoned this claim, it could not withstand summary judgment on the merits.

8. Plaintiffs' Claim for Breach of Express Warranty against Adams Homes

Plaintiffs claim that Adams Homes is liable to them for breach of an express warranty that the window was "in good, safe condition, not defective, and safe for its intended purpose . . . ." Compl. 6 [1-2]. In response to Adams Homes' Motion for Summary Judgment, Plaintiffs now rely upon a halt-change order executed by Adams Homes and Plaintiffs pursuant to which Adams Homes "warrants the work of all its subcontractors for up to one full year." Halt-Change Order [132-2]. To the extent Plaintiffs rely upon the halt-change order, this factual theory was not raised in the Complaint and thus is not properly before the Court because it was raised for the first time in opposition to Adams Homes' Motion for Summary Judgment. *De Franceschi*, 477 F. App'x at 204; *see also Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 n.3 (5th Cir. 1990) (noting that factual theory not raised in plaintiff's second amended complaint but raised for the first time in opposing a motion for summary judgment was not properly before the court).

Even if the Court considers the halt-change order as evidence of an express warranty by Adams Homes, Plaintiffs have not carried their summary judgment burden. "When dealing with an express warranty, it is the burden of the plaintiff to prove that the defect in the product or service caused the damage." *Easley v. Day Motors, Inc.*, 796 So. 2d 236, 240-41 (Miss. Ct. App. 2001) (quoting *Mitchell v. Rapid*

17

*Oil Change, Inc.*, 752 So. 2d 466, 470 (Miss. Ct. App. 1999)).  Plaintiffs have not

created a genuine dispute as to whether the original sash was defective or

improperly installed.  Having been unable to create a material fact question on this

issue, Plaintiffs are unable to demonstrate that Adams Homes breached any

express warranty related to the work of its subcontractor Keller Smith.  Adams

Homes is entitled to judgment as a matter of law as to Plaintiffs' claim for breach of

express warranty.

9.   <u>Plaintiffs' Claims for Breach of the Implied Warranty of
      Merchantability and the Implied Warranty of Fitness for a Particular
      Purpose against Defendants</u>

Plaintiffs assert that Adams Homes and Keller Smith are liable for breach of

the implied warranties of merchantability and fitness for a particular purpose.

Compl. 6-7 [1-2].  Mississippi's version of the Uniform Commercial Code ("UCC")

makes clear that these warranties only apply to "goods" as that term is defined by

the UCC.  *See* Miss. Code §§ 75-2-105 (defining "goods" as "all things (including

specially manufactured goods) which are movable at the time of identification to the

contract for sale"), -315 ("[W]here the seller at the time of contracting has reason to

know any particular purpose for which the goods are required and that the buyer is

relying on the seller's skill or judgment to select or furnish suitable goods, there is .

. . an implied warranty that the goods shall be fit for such purpose."), and -316 ("[A]

warranty that the goods shall be merchantable is implied in a contract for their sale

if the seller is a merchant with respect to goods of that kind.").

Even assuming the windows at issue in this case constituted "goods" such that the implied warranty of merchantability would apply, there is no evidence that either Adams Homes or Keller Smith breached this implied warranty. "To establish a breach of merchantability, a plaintiff must prove the goods had a defect which caused plaintiff's damage." *Farris v. Coleman Co., Inc.*, 121 F. Supp. 2d 1014, 1017 (N.D. Miss. 2000). Plaintiffs' theory of this case has not been that the windows themselves were defective, but that negligent installation of the windows caused the incident. Plaintiffs have not produced competent summary judgment proof that either the window or window sash had a defect which caused their injuries. Even if Plaintiffs could establish that the replacement window may have been installed with a set screw not in place and with the pivot bars improperly adjusted, this by itself does not establish that those alleged defects were present in the original window sash, or that they caused the original window sash to fall on Mr. Rivera. Defendants are thus entitled to summary judgment as to Plaintiffs' claims for breach of the implied warranty of merchantability.

There is a similar lack of evidence that Defendants breached the implied warranty of fitness for a particular purpose. Under Mississippi law, "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods shall be fit for such purpose . . . ." *Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So. 2d 1024, 1027 (Miss. 1982) (quoting Miss. Code § 75-2-315). There

19

is insufficient evidence that the window was used for anything other than its ordinary purpose, or that it was not suitable for its intended purpose prior to installation.  This precludes a claim for breach of the implied warranty of fitness for a particular purpose.  *Watson Quality Ford, Inc. v. Casanova*, 999 So. 2d 830, 835 (Miss. 2008) ("[N]o claim for breach of the implied warranty of fitness for a particular purpose will lie when a product is to be used for its ordinary purpose.") (citing *Ford Motor Co. v. Fairley*, 398 So. 2d 216, 219 (Miss. 1981)).  Defendants are entitled to summary judgment on Plaintiffs' claim for breach of the implied warranty of fitness for a particular purpose.

> 10.  Plaintiffs' Other Claims Raised for the First Time
>       in Response to Defendant Adams Homes' Motion for Summary
>       Judgment

Plaintiffs raise two additional claims for the first time in opposing Adams Homes' Motion for Summary Judgment.  Plaintiffs claim that there is a question of fact as to whether Adams Homes is liable for negligent supervision of its subcontractor, Keller Smith.  Pls.' Mem. in Opp'n to Mot. for Summ. J. 18-19 [133].  With respect to their breach of warranty claims, Plaintiffs now argue that Adams Homes should be liable for breach of the "warranty of workmanship." *Id*. at 21-22.  Neither of these claims appear in the Complaint.  "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).  These claims were not pleaded in the

Complaint.  They are not properly before the Court and are insufficient to defeat summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs have not carried their summary judgment burden with respect to their claims against Defendants.  Summary judgment is appropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Keller Smith Supply Inc.'s Motion for Summary Judgment [122] is **GRANTED**, and Plaintiffs' claims against Keller Smith are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Adams Homes LLC's Motion for Summary Judgment [124] is **GRANTED** and Plaintiffs' claims against Adams Homes are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 8th day of July, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE